572 P.2d 125

**GAF CORPORATION, Appellant,**

v.

**DIAMOND CARPET CORPORATION, and Kalman Macklin, Appellees.**

**No. 1 CA–CIV 3474.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 30, 1977.

Law Offices of Sidney B. Weiner by Sidney B. Weiner, James Evans Thompson, Phoenix, for appellant.

Treon, Warnicke, Dann & Roush, P. A., by Richard T. Treon, Linda K. Scott, Phoenix, for appellees.

## OPINION

WREN, Presiding Judge.

Pursuant to the Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1701 et seq., plaintiff, GAF Corporation, filed and domesticated in the Superior Court of Maricopa County, State of Arizona, a New York judgment against defendants, Kalman Macklin and Diamond Carpet Corporation. Subsequently the plaintiff, in an attempt to execute on Macklin's interest in an Arizona partnership which had been transferred to his wife, filed a motion for charging order pursuant to the Uniform Partnership Act, A.R.S. § 29–228.[1] The motion was denied and plaintiff has filed this appeal.

The chronology of events necessary to our resolution of this matter is as follows: On October 14, 1971, the defendant, Kalman Macklin, executed a personal guarantee guaranteeing payment of the debt between the defendant, Diamond Carpet Corporation, and Rubberoid, later merged into the plaintiff GAF Corporation. The plaintiff was not paid and brought action in the Supreme Court of the State of New York to recover on the debt. On October 5, 1973 it moved for summary judgment against the defendants in the New York court and judgment was entered in its favor on February 14, 1974 in the amount of $421,360.14, plus interest and costs. On December 9,

---

1. A.R.S. § 29–228 states in part:

"A. On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; . . ."

1971, subsequent to the execution of the guarantee, but prior to the time the New York judgment was entered, the defendant Macklin and Ethel Macklin were married. In January of 1973 Macklin became a partner in F.D.O. Investments and on November 1, 1973 he transferred his entire partnership interest to his wife as a gift.

Plaintiff contends that Macklin's transfer of his partnership interest to his wife was fraudulent as to it, see A.R.S. § 44–1004,[2] because Macklin was insolvent at the time of the transfer within the meaning of A.R.S. § 44–1002(A).[3] For this reason, plaintiff claims it has a right to levy execution upon the interest conveyed, A.R.S. § 44–1009(A)(2),[4] pursuant to a charging order authorized by A.R.S. § 29–228(A).

Macklin denies the transfer of his partnership interest to Ethel was fraudulent. He also argues that it is unnecessary for this Court to reach this issue because the partnership interest was never subject to levy by plaintiff. He contends his partnership interest, having been acquired during marriage, was presumptively community property. A.R.S. § 25–211. Plaintiff has made no attempt to rebut this presumption. Upon transfer of Macklin's community interest in the partnership to Ethel in November 1973, Ethel owned the partnership interest outright as her sole and separate property. Schwartz v. Schwartz, 52 Ariz. 105, 79 P.2d 501 (1938). We agree with the defendant that the determinative issue in this case is whether the Macklins' partnership interest, a community asset, was liable for the premarital separate debt of Kalman Macklin at the time he transferred his community interest to Ethel.

Prior to September 1, 1973, a marital community was not liable for the premarital separate debts of the parties. Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962). This rule was changed by A.R.S. § 25–215(B) which states:

> "The community property is liable for the premarital separate debts or other liabilities of the spouse, incurred after September 1, 1973 but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single."

Thus, in order for the partnership interest to be subject to levy, plaintiff must establish 1) that Macklin's indebtedness arose after September 1, 1973 and 2) that it was a premarital debt. Barnes v. Vozack, 113 Ariz. 269, 550 P.2d 1070 (1976). In the present case, because of the insufficiency of the record, we are unable to determine whether the intent of the parties to the guarantee agreement was that Macklin's liability under the agreement was to arise on the date the agreement was executed, October 14, 1971, or the date judgment was entered against him in New York, February 14, 1974. Such a determination is unnecessary, however, because the outcome would be the same no matter which date liability arose. If Macklin's indebtedness arose on October 14, 1971, it would have been a premarital separate debt for which neither the community under prior law, nor the separate property of Ethel Macklin, would be liable. Nelson v. Nelson; A.R.S. § 25–215(A). If the indebtedness was incurred on the day of judgment, February 14, 1974, it would fulfill the first requirement of

---

**2.** "§ 44–1004. Conveyances by insolvent

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

**3.** "§ 44–1002. Insolvency

A. A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

**4.** "§ 44–1009. Rights of creditors whose claims have matured

A. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

. . . . .

2. Disregard the conveyance and attach or levy execution upon the property conveyed."

A.R.S. § 25–215(B) because it was incurred after September 1, 1973. The second requirement, however, would remain unsatisfied: it would not be for an obligation incurred prior to marriage. Further, A.R.S. § 25–214(C)(2)[5] requires both spouses to join in any transaction of guarantee, indemnity or suretyship. Without such joinder the community is not liable for the debt incurred. *See Hamada v. Valley National Bank*, 27 Ariz.App. 433, 555 P.2d 1121 (1976). Since the community would not be bound by a guarantee executed by one spouse during marriage without the joinder of the other, policy dictates it should not be bound by a premarital guarantee signed by one spouse where the liability from that guarantee does not arise until after marriage.

For these reasons we hold the trial court correctly denied plaintiff's motion for an order charging the partnership interest transferred from Kalman to Ethel Macklin.

Judgment affirmed.

EUBANK and JACOBSON, JJ., concur.

---

5.   "§ 25–214. Management and control

    C. Either spouse separately may acquire, manage, control or dispose of community property, or bind the community, except that joinder of both spouses is required in any of the following cases:

. . . . .

    2. Any transaction of guaranty, indemnity or suretyship."