625 P.2d 939

**Gordon MAXWELL, as Personal Representative of the Estate of Susan Maxwell, Deceased, Plaintiff-Appellant and Cross-Appellee,**

v.

**AETNA LIFE INSURANCE COMPANY, a foreign corporation, Defendant-Appellee and Cross-Appellant.**

No. 1 CA–CIV 5550.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 22, 1981.

Rehearing Denied Feb. 26, 1981.

Review Denied March 24, 1981.

Thur & Preston by Calvin C. Thur, Scottsdale, for plaintiff-appellant and cross-appellee.

Black, Robertshaw, Frederick, Copple & Wright, P.C. by Steven D. Copple, Phoenix, for defendant-appellee and cross-appellant.

Before CONTRERAS, P. J., FROEB, J., and McFATE, J., Retired.

## OPINION

PER CURIAM.

■ Rule 9(a), Arizona Rules of Civil Appellate Procedure (ARCAP), 17A A.R.S., provides that "[a] notice of cross-appeal may be filed by an opposing party within 20 days from the date the notice of appeal is filed." The issue before us is whether this provision extends the time in which an appellee may take an appeal against any party to the litigation or whether it grants to the appellee only the right to cross-appeal against an appellant. We conclude that the right is limited to a cross-appeal against an appellant and therefore find it necessary to dismiss a portion of appellee's cross-appeal.

Gordon Maxwell and his wife, Susan Maxwell, filed a complaint setting forth four claims for relief against Aetna Life Insurance Company, alleging *inter alia* that Aetna breached its duty to make payments under a policy of disability insurance and was guilty of outrageous tortious conduct, entitling plaintiffs to compensatory and punitive damages. Susan Maxwell died before the case came to trial and Gordon Maxwell, as the personal representative of her estate, was substituted in her place. The first amended complaint was appropriately captioned "Gordon Maxwell and Susan Maxwell, Deceased, by and through Gordon Maxwell the Personal Representative of her Estate, Plaintiffs vs. Aetna Life Insurance Company, . . . Defendant." By the first amended complaint, the third and fourth claims for relief of the original complaint alleging breach of contract and negligence were dropped. In their stead, a claim for breach of duty of good faith and fair dealing was inserted as a third claim for relief and a claim for breach of fiduciary duties was inserted as a fourth claim for relief. Following trial to a jury, judgment was entered "in favor of the plaintiff, Gordon Maxwell," in the sum of $45,000 in compensatory damages and $75,000 in punitive damages. Judgment was also entered in the same instrument in favor of "The Estate of Susan Maxwell, Deceased" in the sum of $1,000 for compensatory damages, and $1.00 as punitive damages.

Judgment was entered on March 12, 1980. Both the defendant and the plaintiffs filed timely post-judgment motions including, as their interests appeared, a motion for judgment notwithstanding the verdict, for additur or for a new trial, which were all denied by formal written order on June 23, 1980. Aetna, although certainly aggrieved by the $120,000 judgment in favor of Gordon Maxwell in his individual capacity, took no appeal with respect to the judgment during the time allowed by Rule 9 which expired after July 23, 1980. Maxwell, on the other hand, carefully confining his notice of appeal to his capacity as personal representative, took a timely appeal from portions of the judgment and the order denying a new trial affecting the claims asserted by the estate of his late wife. On July 23, 1980, the following notice of appeal was filed:

NOTICE IS GIVEN that plaintiff, GORDON MAXWELL, not individually, but solely in his capacity, as Personal Representative of the Estate of SUSAN MAXWELL, Deceased, appeals to the Court of Appeals, Division One, from the following:

1) That portion of the Judgment entered on March 12, 1980, in favor of the Personal Representative of the Estate of SUSAN MAXWELL, Deceased, and against the defendant;

2) That portion of the Judgment granting a directed verdict in favor of the defendant, AETNA LIFE INSURANCE COMPANY, and against the Personal Representative of the Estate of SUSAN MAXWELL, Deceased; and

3) From that portion of the Order entered June 23, 1980, denying said Personal Representative's Motion for New Trial and Motion for Additur filed on behalf of the Estate of SUSAN MAXWELL, Deceased.

On August 5, 1980, Aetna filed the following notice of cross-appeal:

NOTICE IS GIVEN that Defendant Cross-Appeals to the Court of Appeals, Division One, from the following:

1. That portion of the Judgment entered on March 12, 1980, in favor of the

Personal Representative of the Estate of Susan Maxwell, deceased, and against the Defendant but only with respect to the portion of the Judgment dealing with liability for bad faith, intentional infliction of emotional distress and punative [sic] damages. Defendant is not appealing the amount of the Judgment, but only its liability.

2. That portion of the Judgment, and all prior rulings, denying Summary Judgment or Directed Verdict in favor of the Defendant and against the Personal Representative of the Estate of Susan Maxwell.

3. That portion of the Order entered on June 23, 1980, denying Defendant's Motion for Judgment N.O.V. or, in the alternative, for a new trial on the issue of liability only, as to the Estate of Susan Maxwell.

4. That portion of the Judgment entered on March 12, 1980, in favor of Gordon Maxwell, individually, but only the liability portion of the Judgment. Defendant is not appealing the amount of the damages, but only its liability.

5. That portion of the Judgment and all prior rulings denying Summary Judgment, Directed Verdicts, Motions in Limine and all other rulings adverse to the Defendant on the issue of liability.

6. That portion of the Order entered June 23, 1980, denying Defendant's Motion for Judgment N.O.V., or, in the alternative, for a new trial on the issue of liability only, as to Gordon Maxwell individually.

Gordon Maxwell, in both his individual and representative capacities, has moved to dismiss the cross-appeal against Gordon Maxwell, the individual. We are of the opinion that appellate jurisdiction over Gordon Maxwell, the individual, was not timely invoked and that the movants are entitled to the relief requested.

A cross-appeal has been defined as "[a]n appeal filed by the appellee or defendant in error as an incident of review proceedings instituted by the *opposing party*." Ballentine's Law Dictionary 293 (3d ed. 1969) (emphasis added). This definition appears to be consistent with the usage of the term as it appears in ARCAP Rule 9(a) which provides that a "notice of cross-appeal may be filed by an *opposing party* within 20 days from the date the notice of appeal is filed." (emphasis added). By this definition, and by what seems to us to be the logical effect of the language of the rule, a cross-appeal is authorized only against an appellant. Authorities from other jurisdictions indicate a similar result. *See Johnson v. Tri-Union Oil & Gas Co.*, 278 Ky. 633, 129 S.W.2d 111 (App.1939); *Duckworth v. Allis-Chalmers Manufacturing Co.*, 247 Miss. 198, 150 So.2d 163 (1963).

Our conclusion is reinforced by the circumstances under which Rule 9(a) was promulgated. The present civil appellate rules have as their source not only our former court rules, but also the Federal Rules of Appellate Procedure. Rule 9(a) has for its source former Rule 73(b) of the Arizona Rules of Civil Procedure and Rule 4(a) of the Federal Rules of Appellate Procedure. Notes to ARCAP Rule 9(a), 17A A.R.S. Under Federal Rule 4(a)(3), the timely filing of an appeal by one party brings into being an additional fourteen-day period during which "any other party" may file a notice of appeal.[1]

If our supreme court in promulgating ARCAP Rule 9 had been inclined to adopt the rule which presently applies in the federal court system, it would logically have employed language similar to that used in Federal Rule 4(a)(3). By providing for only a "cross-appeal" by an "opposing party", it rejected the more expansive federal rule.

■ We hold that Aetna could only cross-appeal against an appellant. The original notice of appeal specified the Personal Rep-

1. Federal Rule 4(a)(3) provides:

If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first

notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.

resentative of the Estate of Susan Maxwell as the singular appellant and it explicitly negated Gordon Maxwell, the individual, as an appellant. The two capacities are separate and distinct. *Hall v. McDonough*, 216 So.2d 84 (Fla.App.1968); *Doan v. Chesapeake & Ohio Railway*, 18 Mich.App. 271, 171 N.W.2d 27 (1969). Since Gordon Maxwell, the individual, did not appeal, Aetna did not have the status of an "opposing party" entitled to prosecute a cross-appeal against him.

The decision reached by Division two of this court in *Century Medical Plaza v. Goldstein*, 122 Ariz. 583, 596 P.2d 721 (App.1979), is consistent with the present holding and we find nothing inconsistent in *Schuldes v. Wubbolding*, 15 Ariz.App. 527, 489 P.2d 1229 (1971).

The cross-appeal against Gordon Maxwell as an individual is dismissed.