714 P.2d 850

**Noel B. FISHER, Pacific Associates, Incorporated, an Arizona corporation, Cross Claimants, Cross-Appellants,**

v.

**MISSION VIEJO COMPANY, a foreign corporation; Hugh Knoell Builders, Inc., an Arizona corporation; Hugh Knoell Builders, an Arizona corporation; Arizona Title Insurance and Trust Company, an Arizona corporation, Cross Defendants, Cross-Appellees.**

No. 1 CA–CIV 7115.

Court of Appeals of Arizona, Division 1, Department A.

July 25, 1985.

Carl W. Divelbiss, Phoenix, for cross claimants-cross appellants.

Fannin, Terry & Hay, P.A. by Guy David Knoller and Marvin Johnson, P.C. by John P. Otto, Phoenix, for cross defendants-cross appellees.

OPINION

BROOKS, Presiding Judge.

The issue in this appeal is whether the cross-appeal of Noel B. Fisher (Fisher) and Pacific Associates, Inc. (Pacific) is properly before this court. For the following reasons, we dismiss the cross-appeal.

Because the factual and procedural background of the case is somewhat confusing, we will discuss it in detail. In 1974, Fisher, a duly licensed real estate salesman operating under a broker's license held by Pacific, became aware of some property for sale which was owned by Mission Viejo Company (Mission Viejo), and after obtaining authorization from Mission Viejo to sell the property, contacted Hugh Knoell Builders, Inc. (Knoell), a homebuilder. Knoell also owned Land West Realty, a real estate brokerage firm. Mission Viejo and Knoell entered into a purchase contract and receipt on May 10, 1974 and opened escrow at Arizona Title Insurance and Trust Co. (Arizona Title). The escrow instructions provided for a total commission of $23,625, one-half to be paid to Fisher and one-half to Land West Realty. Pacific's broker later signed supplemental escrow instructions which provided that $11,312.50 was to be paid to Fisher and the same amount to Land West, and $1,000 as a finder's fee to Don Currier, the salesman who first alert-

ed Fisher to the property. This escrow never closed.

In September 1975, Mission Viejo and Knoell opened another escrow with Arizona Title which covered different lots in the same tract at a lesser purchase price. A $25,000 deposit from the first escrow was transferred to this second escrow. The escrow instructions concerning broker's commission and the payment thereof were changed. Upon the close of escrow, the escrow agent was directed to pay Fisher the sum of $6,500, $1,000 to Don Currier and $8,750 to be credited to Mission Viejo's account and applied against the purchase price and to be credited to Knoell's account.

On September 26, 1975, prior to the close of the second escrow, Fisher assigned his entire interest in the commission under the first escrow to Helen Yeargain, in exchange for a bond having a value of $8,500. Fisher also executed a promissory note to Yeargain for $8,500. Neither Fisher nor Pacific were signators to the second escrow, and Fisher refused to execute a release or waiver of his commission. Because the first escrow was never closed, the broker's commission which Fisher assigned to Yeargain was never paid.

## PROCEDURE

Yeargain filed a complaint seeking to recover the commission against Knoell, Mission Viejo, Arizona Title, Fisher and Pacific. Former counsel for Fisher and Pacific, who was later disbarred as a result of unrelated matters, filed answers on behalf of Fisher and Pacific and a crossclaim against Mission Viejo, Knoell and Arizona Title on behalf of Fisher for recovery of the commission. Pacific did not join in the crossclaim and in fact disclaimed any interest in the commission and denied participating in any of the transactions alleged in Yeargain's complaint. Mission Viejo, Knoell and Arizona Title denied liability on Fisher's crossclaim and affirmatively alleged that Fisher was an "improper party" and lacked standing to sue.

Discovery proceeded slowly and sporadically over the next four years. In June of

1981, Fisher's and Pacific's current counsel appeared in the action on their behalf. In October of that year, shortly after Mission Viejo, Knoell and Arizona Title had moved for summary judgment, Fisher and Pacific moved for the first time for leave to file amended answers and a crossclaim on behalf of Pacific. Both motions were denied in January of 1982, four days before trial.

After a bench trial, the court made extensive findings of fact and conclusions of law and entered a formal judgment on October 28, 1982. The judgment awarded Yeargain $10,750 with interest against Mission Viejo, Knoell and Arizona Title. It further awarded Yeargain attorney's fees and costs against Mission Viejo, Knoell and Arizona Title in the amount of $10,000 pursuant to A.R.S. § 12-341.01. The judgment further concluded that because Fisher had assigned his entire interest in the commission to Yeargain, he was entitled to no recovery on his crossclaim. Pursuant to A.R.S. § 12-341.01, the judgment awarded Yeargain attorney's fees against Fisher in the amount of $250, and awarded Mission Viejo, Knoell and Arizona Title attorney's fees against Fisher in the amount of $750.

Mission Viejo, Knoell and Arizona Title timely moved for a new trial pursuant to Rule 59, Arizona Rules of Civil Procedure. The trial court denied that motion by formal order entered March 18, 1983. On April 5, 1983 Mission Viejo, Knoell and Arizona Title filed a notice of appeal which specified:

> [T]he denial of these Defendants' Motion for directed verdict on January 26, 1982, the denial of these Defendants' Motion for New Trial entered on March 17, 1983, and the Court's Amended Findings of Fact and Conclusions of Law and Judgment entered on October 28, 1982, in favor of Plaintiff.

On April 22, 1983, more than 30 days after entry of the order denying Mission Viejo's, Knoell's and Arizona Title's motion for new trial, but within 20 days of the filing of the notice of appeal, Fisher and Pacific filed a "Notice of Cross-Appeal." That notice named the trial court's refusal to permit

them to file amended answers and a cross-claim on behalf of Pacific. It also assailed several of the trial court's specific findings of fact and conclusions of law and the trial court's award of attorney's fees against Fisher in favor of Mission Viejo, Knoell and Arizona Title hereinafter referred to as "cross-appellees".

Yeargain also filed a notice of cross-appeal, specifying the trial court's refusal to award her punitive damages and its reduction of her claim for attorney's fees and costs. The cross-appellees and Yeargain later indicated their desire to abandon their respective appeal and cross-appeal and this court entered appropriate dismissal orders. All that remains before this court is the cross-appeal brought by Fisher and Pacific. We must now decide whether Fisher and Pacific are properly before this court.[1]

## JURISDICTION

Rule 9(a), Arizona Rules of Civil Appellate Procedure (ARCAP), provides as follows:

> A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court not later than 30 days after the entry of the judgment from which the appeal is taken, unless a different time is provided by law.... A notice of cross-appeal may be filed *by an opposing party* within 20 days from the date the notice of appeal is filed. (Emphasis added.)

The specific question we must resolve is whether Fisher and Pacific were "opposing part[ies]" such that they could present their claims of error to this court by way of a cross-appeal filed within twenty days after the notice of appeal, or whether they were limited to filing a notice of appeal within thirty days after the entry of the trial court's order denying cross-appellees' motion for new trial.[2]

It is important to bear in mind the distinction between the right of appeal under Rule 1, ARCAP, and the narrower right of cross-appeal under Rule 9(a). In the instant case, both cross-appellees and Fisher and Pacific were "aggrieved" by the judgment within the meaning of Rule 1, and both consequently had the right to commence timely appeals therefrom within the time provided by Rule 9(a). Once cross-appellees filed a timely notice of appeal and Fisher and Pacific failed to do so, however, Fisher and Pacific could take advantage of the twenty-day period for the filing of a notice of cross-appeal under Rule 9(a) only to the extent that they were "opposing part[ies]" with respect to cross-appellees' appeal.

The principles established in our decision in *Maxwell v. Aetna Life Ins. Co.*, 128 Ariz. 350, 625 P.2d 939 (App.1981) are dispositive. The plaintiffs in *Maxwell* were a husband and wife who brought an action against their insurer. Before the case came to trial, the wife died, and the husband was substituted in her place as personal representative of her estate. The jury rendered a verdict in favor of both the husband and the estate, but awarded a small amount of damages to the estate in comparison with the award to the husband.

---

1. During the pendency of this appeal, the issue arose concerning whether Fisher's and Pacific's cross-appeal should be dismissed as untimely. On August 31, 1983, we ordered that our decision on that issue be continued pending disposition of the entire appeal. At oral argument, counsel for Fisher and Pacific was asked to comment on whether the court had jurisdiction over the cross-appeal. He informed the court that he was unprepared to do so because he was under the impression that the issue had been settled in an order filed December 29, 1983 by Department B of this court denying cross-appellees' motion to dismiss the cross-appeal. Counsel is quite mistaken. Department B's order did indeed deny the motion to dismiss the cross-appeal, but expressly predicated that denial on the fact that this court had previously ordered that "any decision upon the jurisdictional issue raised be continued until disposition of the entire appeal." The issue of our jurisdiction is squarely before us, and we address it now.

2. Rule 9(b), ARCAP, provides in pertinent part:

> When any of the following motions are timely filed, the time for appeal is extended, and the times set forth in Rule 9(a) shall be computed from the entry of any of the following orders:
>
> *   *   *   *   *   *
>
> (4) Denying a motion for new trial pursuant to Ariz.Rules Civ.Proc. 59(a).

The husband filed a notice of appeal in his capacity as personal representative, and not individually, from that portion of the judgment in favor of the estate. After the time for the filing of a notice of appeal had expired, but before the expiration of the time for the filing of a notice of cross-appeal, the appellee insurance company filed a notice of cross-appeal which included a portion purporting to appeal from the judgment in favor of the husband in his individual capacity. This court granted the husband's motion to dismiss the cross-appeal against him individually. We noted that in contrast to Rule 4(a)(3), Federal Rules of Appellate Procedure, under which the timely filing of an appeal by one party brings into being an additional fourteen-day period during which "any other party" may file a notice of appeal, Rule 9(a), ARCAP, authorizes a cross-appeal only by an "opposing party." We stated:

> If our supreme court in promulgating ARCAP Rule 9 had been inclined to adopt the rule which presently applies in the federal court system, it would logically have employed language similar to that used in Federal Rule 4(a)(3). By providing for only a "cross-appeal" by an "opposing party", it rejected the more expansive federal rule.

128 Ariz. at 352, 625 P.2d at 941. In *Maxwell* we held ineffective the attempted cross-appeal from the judgment in favor of the husband individually. We reasoned that because the husband did not appeal in his individual capacity, the insurer did not have the status of an "opposing party" entitled to cross-appeal against him.

Fisher's and Pacific's cross-appeal fails in the instant case for a different but conceptually related reason. Although the parties against whom the cross-appeal is asserted in this case are clearly before the court, their appeal challenged no provision of the judgment that could be construed as having been rendered in favor of Fisher or Pacific.[3] Cross-appellees' appeal was aimed solely at overturning the trial court's substantial awards in favor of Yeargain. Because Fisher and Pacific derived no benefit from those portions of the judgment from which cross-appellees appealed, and therefore stood no risk of suffering a diminution of their legal rights in the event of a reversal or modification of those portions of the judgment from which the appeal was taken, Fisher and Pacific cannot be held to qualify as "opposing part[ies]". *Cf. Dunn v. Law Offices of Ramon R. Alvarez, P.C.*, 119 Ariz. 437, 581 P.2d 282 (App.1978) (a party in the case below must be made a party to the appeal only if he has an interest in opposing the object sought to be accomplished by the appeal).

Fisher and Pacific appear to concede the view that this court's jurisdiction of their cross-appeal depends on their qualifying as "opposing part[ies]" with respect to cross-appellees' appeal, and argue earnestly that they so qualify. Noting that cross-appellees' notice of joint appeal names "the denial of these Defendants' Motion for directed verdict on January 26, 1982 ...", they assert that the motion for directed verdict "went to the whole of the case of Fisher/Pacific," and that "the appeal is against Fisher and Pacific as to that item." They are incorrect. The portions of the record cited by Fisher and Pacific as supporting that assertion refer not to cross-appellees' motion for directed verdict, but rather to cross-appellees' separate and distinct motion to dismiss Fisher's crossclaim. The record reflects that contrary to Fisher's and Pacific's assertion, cross-appellees' motion for directed verdict addressed solely Yeargain's claim. Moreover, Fisher and Pacific would not be opposing parties even if their assertion that the motion for directed verdict was also directed at them were correct. Unlike Yeargain, who ultimately recovered against cross-appellees, Fisher and Pacific recovered nothing. Cross-appellees' appeal of the denial of their motion for directed verdict thus obviously could have been directed only at the motion as it applied to Yeargain's claim, and thus Year-

---

3. Indeed, despite Fisher's and Pacific's general assertion to the contrary, nothing in the judgment sustained any of their claims or benefited them in any way.

gain was the only party whose rights potentially would have been affected by reversal or modification of the judgment on that score.

Fisher and Pacific also note that cross-appellees appealed from "the denial of these Defendants' Motion for New Trial entered on March 17, 1983...." They argue that the motion for new trial was based in part upon the claim that the findings of fact, conclusions of law and judgment were not justified by the evidence and were contrary to law, and because the judgment awarded attorney's fees in favor of cross-appellees and against Fisher and Pacific, Fisher and Pacific were "opposing part[ies]." This is also incorrect. The award of attorney's fees in favor of cross-appellees might have constituted a ground for direct appeal of the judgment by Fisher and Pacific. It was obviously not however, an aspect of the judgment from which cross-appellees appealed, and was not a point on which Fisher and Pacific were "oppos[ed]" to the appeal.

Fisher and Pacific further note that cross-appellees appealed from "the Court's Amended Findings of Fact and Conclusions of Law and Judgment entered on October 28, 1982, in favor of plaintiff." They argue that the findings of fact and conclusions of law and judgment were not only in favor of plaintiff Yeargain, but were also in favor of cross-appellees and against Fisher and Pacific. Again, at most this would qualify Fisher and Pacific as aggrieved parties entitled to appeal—it would not make them "opposing part[ies]" with respect to the appeal taken by cross-appellees.

The issue in this case is not, as Fisher and Pacific appear to assume, whether Fisher and Pacific were made parties to the appeal. Indisputably they were. The issue is whether they are "opposing part[ies]" within Rule 9(a), such that they are entitled to cross-appeal under extended time limits. We hold that they are not "opposing part[ies]."

Fisher and Pacific also cite a number of cases from other jurisdictions supporting the uncontroversial proposition that an ap-pellee who seeks affirmative relief from the judgment must file a cross-appeal. These cases, however, do not support Fisher's and Pacific's position because the cases presuppose the availability of a cross-appeal. Further, they do not stand for the proposition that a cross-appeal is available whenever an appellee wishes to seek affirmative relief from the judgment. *Maxwell v. Aetna Life Ins. Co.*, 128 Ariz. 350, 625 P.2d 939 (App.1981), makes clear that this is not the law in Arizona. Under the circumstances of this case, Fisher's and Pacific's purported cross-appeal is outside the court's jurisdiction under Rule 9(a), AR-CAP.

Cross-appellees have requested attorney's fees on appeal in their answering brief pursuant to Rule 21(c), ARCAP. The request is granted. Cross-appellees may recover their attorney's fees on appeal by complying with Rule 21, ARCAP, and our decision in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

Cross-appeal dismissed.

JACOBSON, C.J., and GREER, J., concur.