822 P.2d 483

**CROWN LIFE INSURANCE COMPANY, a Canadian corporation, Plaintiff–Appellee, Cross Appellant,**

v.

**Wayne N. HOWARD, Defendant–Appellant, Cross Appellee,**

**Lucia Howard, Defendant–Cross Appellee.**

No. 1 CA–CV 89–599.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 26, 1991.

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C. by Gregory W. Falls, Phoenix, for plaintiff-appellee, cross appellant.

Douglas G. Wymore and Tracey Westerhausen, Phoenix, for defendant-appellant, cross appellees.

## OPINION

KLEINSCHMIDT, Judge.

This is an appeal from a grant of summary judgment in favor of Crown Life Insurance Company enforcing a guaranty agreement against defendant Wayne Howard, from the dismissal of Howard's counterclaim against Crown Life for breach of an implied covenant of good faith and fair dealing, and from the dismissal of Lucia Howard as a defendant in the case. We affirm the summary judgment in favor of Crown Life, and we affirm the dismissal of Howard's counterclaim. We vacate the dismissal of Lucia Howard and remand for further findings of fact.

## BACKGROUND

In March 1980, Applewhite Mortgage Company loaned $1,650,000 to Los Jardines, a general partnership. The loan documents included a promissory note, deed of trust, assignment of rents and leases, security agreement, and UCC financing statement.

On March 6, 1981, Applewhite assigned its interest in the loan and the collateral

documents to Crown Life. On March 9, Wayne Howard, as a general partner of Los Jardines Apartment Development, a limited partnership, signed an assumption agreement on behalf of the limited partnership under which it assumed the $1,650,000 loan made by Crown Life to Los Jardines. On the same day, Howard signed a guaranty agreement as a condition of Applewhite's allowing the limited partnership to assume the loan. On March 10, Applewhite assigned its interest in the guaranty agreement Howard signed to Crown Life. Howard was a single man at the time he signed the guaranty.

Under the terms of the promissory note, the limited partnership had no right to prepay the loan during the first ten years of the contract. In November 1986, during this ten-year period, the limited partnership asked Crown Life what it would charge to waive this term of the loan and accept prepayment. Crown Life responded that it would charge $501,668.97. The limited partnership made a counteroffer of $150,000, which Crown Life rejected.

Approximately one year later, after a second request, Crown Life agreed to accept $286,012.51 as a prepayment penalty. The limited partnership again made a counteroffer which Crown Life rejected. In March 1988, the limited partnership defaulted on the loan, and a month later, Crown Life declared the loan due and began proceedings for a trustee's sale. A month after that, Crown Life demanded that Howard pay all sums due on the promissory note pursuant to the guaranty agreement. Howard did not pay.

Wayne and Lucia Howard were married in 1984. In September 1988, Crown Life sued them both on the guaranty. Wayne Howard counterclaimed against Crown Life for breach of implied covenant of good faith and fair dealing. Lucia Howard answered separately, alleging that because she had not signed the guaranty, neither the marital community nor her sole and separate property was liable for the debt. Crown Life moved for summary judgment on all claims. The court granted summary judgment for Crown Life against Wayne Howard. It dismissed Lucia Howard as a defendant, finding that neither her separate property nor the Howards' community assets could be used to satisfy the guaranty signed by Wayne Howard prior to his marriage.

Howard timely filed a motion for reconsideration or in the alternative a new trial, in which, for the first time, he challenged the validity of the guaranty agreement. The court denied the motion and entered final judgment for Crown Life on the guaranty agreement against Wayne Howard's sole and separate property, dismissing Howard's counterclaim against Crown Life, and dismissing Lucia Howard as a defendant.

Howard argues that the guaranty agreement was invalid, that any action against him must await the outcome of the trustee's sale, and that the court improperly dismissed his counterclaim. Crown Life cross-appeals, alleging that it is entitled to judgment against some part of the Howards' community property.

## THE APPEAL

### The Guaranty Agreement

■ Crown Life asserts that Howard is precluded from challenging the validity of the guaranty agreement on appeal because he raised the issue for the first time in his motion for reconsideration or in the alternative for new trial. Since Crown Life did not object on this basis in the trial court, and since the trial court presumably considered Howard's argument on its merits, we will consider it.

■ Howard argues that the guaranty agreement is a nullity as to Crown Life because the guaranty was given to Applewhite, not Crown Life, and it was executed after Applewhite had transferred all of its interest in the transaction to Crown Life. The terms of an agreement are to be viewed to give effect to the intent of the parties. *Polk v. Koerner*, 111 Ariz. 493, 495, 533 P.2d 660, 662 (1975). Here, the parties clearly intended that Howard personally guarantee the loan which the limited partnership assumed, and which Apple-

white assigned to Crown Life. Howard was aware of Applewhite's transfer to Crown Life on the day that Howard signed the guaranty agreement in which Applewhite was identified as the lender of $1,650,000 to the limited partnership. Howard also signed an assumption agreement in which Crown Life was identified as the lender of the $1,650,000 which the limited partnership was to repay.

■ Howard also argues that the guaranty agreement is invalid for lack of consideration because Applewhite never contracted to lend any money to the limited partnership to which the guaranty could apply. We disagree. The consideration was the assumption agreement under which the limited partnership obtained an interest in the loan to which Los Jardines was the originally obligated party. Although Applewhite was not a named party to the assumption agreement, the loan that was being assumed was the same loan that Applewhite made to Los Jardines which was assigned to Crown Life; the same loan that Howard personally guaranteed.

■ Howard, citing A.R.S. subsections 33–814(A) and (C), next argues that because the guaranty agreement is invalid, Crown Life cannot sue Howard on the guaranty pursuant to subsection C but is limited to suing Howard for a deficiency judgment after a trustee's sale is held pursuant to subsection A. Because we have already found that the guaranty agreement is valid, Crown Life may proceed against Howard on the guaranty agreement pursuant to subsection C, which allows for the enforcement of an obligation on a contract secured by a deed of trust against a person not a trustor who has agreed that he may be sued without the precondition of a trustee's sale. In the guaranty agreement, Howard specifically agreed that the lender could enforce the agreement without regard to whether a trustee's sale was held. Howard's argument on this point has no merit.

*Covenant of Good Faith and Fair Dealing; Mitigation of Damages*

■ Howard claims that the trial court improperly dismissed his counterclaim in which he alleged that Crown Life acted in bad faith by failing to adhere to its contract. Specifically, Howard argues that Crown Life improperly computed the fees of $501,668.97 and $286,012.51, which it would have charged the limited partnership to prepay the loan in late 1986 and 1987. Howard contends that Crown Life was limited by the contract to a prepayment penalty of 10% of the unpaid balance which would have been approximately $150,000 and $70,000.

Again, Howard's argument is without merit. Under the terms of the promissory note, Los Jardines Apartment Development had no privilege of prepayment during the first ten years of the loan. Beginning with the eleventh year, the contract specified a prepayment penalty schedule. The figure of 10% of the unpaid balance to which Howard refers is the amount that Crown Life could have charged Los Jardines Apartment Development *if* Crown Life had accelerated on the loan *after* a default by Los Jardines Apartment Development. At the time Howard requested prepayment calculations, the limited partnership was not in default. Once it did default, Crown Life correctly calculated a prepayment penalty of 10% of the unpaid loan balance into its damages calculation.

Howard's reliance on *Reid v. Key Bank of Southern Maine*, 821 F.2d 9 (1st Cir. 1987), in support of his argument is misplaced. In *Reid*, the court found that the lender acted outside the terms of the contract when, without warning, it terminated its credit relationship with a commercial borrower. In this case, Crown Life acted within the terms of the contract. The court properly dismissed Howard's counterclaim.

THE CROSS–APPEAL

Crown Life argues on cross-appeal that the trial court improperly dismissed Lucia Howard as a defendant because Crown Life is entitled to judgment against Wayne Howard's contribution to the marital community which would have been his separate

property had he remained single. We agree.

Before reaching the merits, we address two procedural issues. First, Howard incorrectly argues that this court lacks jurisdiction of the cross-appeal because it was untimely filed. Howard's motion for reconsideration or new trial extended the time within which to file an appeal and cross-appeal. *See* Rule 9(b)(4), Arizona Rules of Civil Appellate Procedure; *Payne v. Greenberg Constr.*, 130 Ariz. 338, 342, 636 P.2d 116, 120 (App.1981).

Second, Howard incorrectly argues that Crown Life is not an "opposing party" within the meaning of Arizona Rules of Civil Appellate Procedure, Rule 9(a). He claims that Crown Life cannot assert a cross-appeal against Howard to challenge the dismissal of his wife, Lucia. Because Wayne and Lucia Howard have a joint interest in the community to which Crown Life asserts a claim, Lucia Howard's interest cannot be severed from Crown Life's claim against Wayne Howard. *See Maxwell v. Aetna Life Ins. Co.*, 128 Ariz. 350, 625 P.2d 939 (App.1981).

As to the merits of its cross-appeal, Crown Life claims an interest in Howard's contribution of the marital community because the guaranty is a premarital debt under A.R.S. section 25–215(B). The statute provides that community property is liable for premarital separate debts or liabilities of a spouse, incurred after September 1, 1973, but only to the extent of the value of that spouse's contribution which would have been such spouse's separate property if single.

Wayne Howard executed the guaranty agreement on March 3, 1981, at a time when he was single. He married in October, 1984. Because A.R.S. section 25–215(B) applies to debts incurred after September 1, 1973, Crown Life may look to Howard's contributions to the marital estate for recovery.

Howard, citing *GAF Corp. v. Diamond Carpet Corp.*, 117 Ariz. 297, 572 P.2d 125 (App.1977), argues that the statute does not apply to him because his liability on the

guaranty did not arise until after he was married. Howard's reliance on *GAF Corp.* is misplaced because the court in that case expressly declined to decide the issue presented here. Aside from that, we see no reason why Howard should prevail on this argument. He was contractually, if contingently, bound on the guarantee before he married. The purpose of the statute is to prevent avoidance of existing obligations by the voluntary act of marriage. *Schilling v. Embree*, 118 Ariz. 236, 239, 575 P.2d 1262, 1265 (App.1978). Nothing about the fact that the liability was contingent until after the marriage took place, and then matured, should allow Howard to escape the obvious purpose of the statute.

The judgment of the trial court in favor of Crown Life and against Wayne Howard are affirmed. The order dismissing Lucia Howard as a defendant is vacated, and this case is remanded for a determination of the value of Wayne Howard's contribution to the marital community which would have been his separate property had he remained single. We also award attorney's fees to Crown Life pursuant to A.R.S. section 12–341.01(A).

GERBER, P.J., and LANKFORD, J., concur.