NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ABN INVESTMENTS, LLC, an Arizona limited liability company,
*Plaintiff/Appellant*,

*v.*

JAMES G. GARVEY, JR. and JULIE LYNN GARVEY, husband and wife,
*Defendants/Appellees*.

No. 1 CA-CV 14-0616
FILED 10-20-2015

Appeal from the Superior Court in Maricopa County
No.  CV 2013-009529
The Honorable J. Richard Gama, Judge

**AFFIRMED**

COUNSEL

R. Stewart Halstead, P.C., Glendale
By Stewart Halstead
*Counsel for Plaintiff/Appellant*

Dennis L. Hall, PLLC, Scottsdale
By Dennis L. Hall
*Counsel for Defendants/Appellee*s

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

**T H U M M A**, Judge:

**¶1**        ABN Investments, LLC (ABN) appeals from an order dismissing its claims against James and Julie Garvey (the Garveys) as time-barred and denying a subsequent motion for new trial. Because the superior court did not err, the orders are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**        Beginning in 2002, Integrated Information Systems, Inc. (IIS) borrowed money from Anchorbank, FSB, ultimately totaling more than $5 million. James Garvey signed the loan documents as CEO of IIS. The Garveys also each signed a personal guaranty, agreeing to pay Anchorbank up to $1 million of the loan obligations "when due" or "at the time [IIS] becomes the subject of bankruptcy or other insolvency proceedings."

**¶3**        In 2005, Anchorbank sued IIS and the Garveys for non-payment on the loan. In May 2006, while Anchorbank's suit was pending, IIS entered involuntary bankruptcy, which became a Chapter 11 reorganization in August 2006. Also in August 2006, and with the Garveys' consent, Anchorbank assigned the loan and guaranty to ABN. ABN agreed to conditionally release the Garveys from the 2002 guaranty upon the completion by IIS of certain conditions related to the bankruptcy, and Anchorbank dismissed its claims against the Garveys without prejudice. The record does not indicate these agreements included a provision purporting to toll the applicable limitations period for a claim by Anchorbank or its successors against the Garveys on the 2002 guarantee.

---

[1] In reviewing the grant of a motion to dismiss, this court assumes the truth of all well-pleaded facts alleged in the compliant. *Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998).

**¶4** The bankruptcy court confirmed IIS' Chapter 11 plan of reorganization in a May 2007 order. In a September 2008 motion for entry of final decree, IIS avowed it had complied with the plan of reorganization, including payments, resolution of contested matters and completion of the conditions necessary to release the Garveys from the guaranty. The bankruptcy court entered its final decree and closed the bankruptcy. No appeal was taken from that decree.

**¶5** In October 2011, at a time when the bankruptcy court's final decree was in place, ABN sued the Garveys for breach of the 2002 guaranty. In May 2013, that suit was placed on the inactive calendar and was then dismissed without prejudice off of the inactive calendar in December 2013. In May 2013, the bankruptcy court found IIS and the Garveys failed to comply with the terms of the reorganization plan, and converted the matter into a Chapter 7 liquidation. This May 2013 bankruptcy order voided IIS' Chapter 11 plan of reorganization, thereby reinstating IIS' repayment obligation to ABN for the full balance of the loan.

**¶6** In July 2013, even though ABN's October 2011 suit against the Garveys for breach of the 2002 guaranty was pending, ABN filed this suit against the Garveys for breach of the 2002 guaranty, including the implied obligation of good faith and fair dealing. The Garveys moved to dismiss, arguing ABN's claims were barred by the statute of limitations and their guaranty obligations had been released. ABN's opposition argued its claim did not accrue before May 2013: "Prior to May 1, 2013, ABN had no claims against the Garveys" because before that date it was not yet impossible to fulfill the terms of the guaranty waiver. Thus, ABN argued its claim accrued on May 1, 2013.

**¶7** After full briefing,[2] the superior court granted the motion to dismiss, finding the Garveys' obligations on the 2002 guaranty accrued: (1) by November 2005 for failure to make required payments; and (2) by May 2006, at the latest, when IIS was placed in bankruptcy. Using a six-year

---

[2] Without objection, the briefs addressing the motion to dismiss attached materials not included in the complaint. As applicable here, those filings did not convert the motion to dismiss into a motion for summary judgment. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 9, 284 P.3d 863, 867 (2012) (holding, in deciding motion to dismiss for failure to state a claim, court may consider pleading and "complaint's exhibits, or public records regarding matters referenced in a complaint").

limitations period contained in Arizona Revised Statutes (A.R.S.) section 12-548 (2015),[3] the court concluded that the payment obligations in "the underlying loan and guaranty agreements became due more than six years prior to the filing of this action" but were not paid "and as a consequence are barred by the applicable statute of limitation." The court also noted that the conditions of the 2006 conditional release "were met more than six years prior to the filing of the present action."

¶8        ABN filed a timely motion for new trial, challenging the superior court's ruling and arguing, for the first time, that equitable tolling meant the claims were timely and equitable estoppel prevented the Garveys from arguing the claims were time barred. ABN did not argue, however, that the 2005 suit by Anchorbank or the 2011 suit by ABN tolled the limitations period under A.R.S. § 12-504. The superior court denied the motion for new trial. This court has jurisdiction over ABN's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. § 12-120.21(A)(1).

## DISCUSSION

### I.        The Superior Court Did Not Err In Concluding ABN's Claims Are Time-Barred.

¶9        ABN argues the superior court erred in dismissing its claims as time-barred. This court reviews de novo an order dismissing a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012). This court examines four issues to determine whether a claim is time-barred: (1) when the cause of action accrued; (2) the applicable limitations period; (3) when the claim was filed and (4) whether the running of the limitations period was suspended or tolled for any reason. *Logerquist v. Danforth*, 188 Ariz. 16, 18, 932 P.2d 281, 283 (App. 1996).

¶10        A breach of contract claim generally "accrues immediately upon the happening of the breach," *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 76 ¶ 13, 985 P.2d 556, 561 (App. 1998) (citation omitted), which occurred by November 2005 when IIS and the Garveys failed to make required payments. Another default implicating the guaranty obligations occurred

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

in May 2006, when IIS was placed into bankruptcy.[4] The parties do not dispute that a breach of contract claim is subject to a six-year limitations period, while a contractual good faith and fair dealing claim is subject to a two-year limitations period. *See* A.R.S. §§ 12-548, -542(3).

**¶11** ABN did not file this case until July 11, 2013, more than six years after the November 2005 breach for failure to make payments and more than six years after the May 2006 placement of IIS into bankruptcy. Neither the complaint, nor ABN's opposition to the motion to dismiss, claimed the limitations period should be tolled for any reason. Although ABN argued their claims accrued when the bankruptcy proceeding was converted to a chapter 7 liquidation in 2013, ABN provided no law to support that argument. In fact, ABN sued on the guaranty in 2011, reflecting a belief that the cause of action on the guaranty accrued before 2013. Because ABN failed to demonstrate that the correct date of accrual was 2013 (rather than in 2005 or 2006) and failed to argue that the limitations period had been tolled or should be tolled, the superior court properly granted the Garveys' motion to dismiss ABN's claims as time-barred.

**¶12** ABN's motion for new trial argued, for the first time, that the application of equitable tolling and equitable estoppel meant its claims were not time-barred. Where applicable and properly raised, these equitable doctrines allow a plaintiff to press what otherwise may be an untimely claim. *See McCloud v. State*, 217 Ariz. 82, 87 ¶ 12, 170 P.3d 691, 696 (App. 2007) (discussing equitable tolling); *Nolde v. Frankie*, 192 Ariz. 276, 280–81 ¶ 16–20, 964 P.2d 477, 481–82 (1998) (discussing equitable estoppel). "The party opposing a motion to dismiss based on a statute of limitations defense 'bears the burden of proving the statute has been tolled.'" *McCloud*, 217 Ariz. at 85 ¶ 8, 170 P.3d at 694 (citation omitted). The superior court denied the motion for new trial, finding no error of law in its dismissal of the case and no new issue that ABN could not have raised in opposing the motion to dismiss.

---

[4] As assignee, ABN steps into the shoes of Anchorbank and is subject to the same defenses as could have been raised against Anchorbank. *K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 267, 941 P.2d 1288, 1292 (App. 1997).

**¶13**          ABN first raised equitable tolling and estoppel arguments in their motion for new trial, *after* the superior court had granted the Garveys' motion to dismiss. Arguments raised for the first time in a motion for new trial that could have been raised previously generally are deemed waived. *See, e.g., Nickerson v. Green Valley Recreation, Inc.*, 228 Ariz. 309, 315 ¶ 9, 265 P.3d 1108, 1114 (App. 2011); *Conant v. Whitney*, 190 Ariz. 290, 293, 947 P.2d 864, 867 (App. 1997); *see also Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240-41 ¶¶ 15-16, 159 P.3d 547, 550-51 (App. 2006) (holding argument relating to claim was waived where first raised in motion to reconsider). This general rule may not apply, however, for an issue first raised in a motion for new trial if the opposing party did not object and the court considered the argument on the merits. *Crown Life Ins. Co. v. Howard*, 170 Ariz. 130, 132, 822 P.2d 483, 485 (App. 1991).

**¶14**          In response to ABN's motion for new trial, raising for the first time the equitable tolling and estoppel, the Garveys objected, arguing that such tolling arguments could have been asserted in responding to the motion to dismiss. ABN made no claim it was precluded from raising equitable tolling or estoppel in opposing the Garveys' motion to dismiss. Moreover, the superior court did not consider the merits of the belatedly proffered equitable arguments in denying the motion for new trial. On this record, ABN's equitable arguments are waived. ABN failed to raise them in opposing the motion to dismiss, the Garveys objected to them in opposing the motion for new trial and the superior court did not consider the merits of the arguments. *See Nickerson*, 228 Ariz. at 315 ¶ 9, 265 P.3d at 1114; *Crown Life Ins. Co.*, 170 Ariz. at 132, 800 P.2d at 485. Accordingly, the trial court did not err in granting the motion to dismiss or denying ABN's motion for new trial.[5]

---

[5] Given this conclusion, this court need not address ABN's challenge to the superior court's conditional release finding.

## II.    Attorneys' Fees On Appeal.

¶15        Both ABN and the Garveys request attorneys' fees and costs under A.R.S. §§ 12-341 and -341.01. Because ABN is not the prevailing party on appeal, its requests for attorneys' fees and costs are denied. This court, in its discretion, denies the Garveys' request for attorneys' fees. The Garveys are, however, awarded taxable costs on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶16        Because the superior court did not err in dismissing ABN's claims and denying the motion for a new trial, the orders are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama