707 P.2d 969

Marriage of Betty June **HINES**, Petitioner-Appellant,

v.

Murrel Thomas **HINES** and Diane M. Hines, Respondents-Appellees.

No. 1 CA–CIV 7423.

Court of Appeals of Arizona, Division 1, Department C.

July 11, 1985.

Petition for Review Denied Oct. 16, 1985.

George M. Sterling, Phoenix, for petitioner-appellant.

Vlassis & Ott by Katherine Ott, Phoenix, for respondents-appellees.

## OPINION

CORCORAN, Judge.

Appellant Betty June Hines (Betty) divorced appellee Murrel Thomas Hines (Murrel) on November 25, 1969. Betty got custody of their four minor daughters and Murrel was ordered to pay $350 per month child support. Murrel married appellee Diane Hines (Diane) in 1970. They have two children.

Since the divorce, Murrel was constantly in arrears in paying child support. Betty sued him for the arrearage and won a judgment of $21,500 plus costs and attorney's fees. Murrel owed approximately $45,000 but the statute of limitations barred recovery of the remainder. This judgment is not appealed.

Betty was unable to collect the judgment. She alleges that Murrel frustrated collection by repeatedly terminating his employment, avoiding ownership of substantial assets, and transferring assets. She further alleges that Diane aided this avoidance by supporting Murrel during his unemployment and by abetting the title transfers. After the judgment against Murrel, he and Diane executed an agreement providing that in consideration for her support during his years of unemployment, *her* future wages were to be *her* separate property (rather than community property). *See* A.R.S. §§ 25–211 and 25–213. We need not consider the efficacy of this agreement.

Betty sought an assignment of the wages of *both* Murrel *and Diane* in order to collect the child support judgment against Murrel. The trial court granted Betty's petition to have Murrel's wages assigned pursuant to A.R.S. §§ 25–215(B) and 25–323(B). However, the court refused an assignment of Diane's wages pursuant to the same statutes. Betty appeals

the denial of the assignment of Diane's wages. We agree with that refusal and affirm the judgment.

The main issue raised by this appeal is whether a wife's wages are subject to assignment pursuant to A.R.S. §§ 25–215(B) and 25–323(B) to satisfy her husband's premarital child support obligation.

■ The community is liable for premarital debts or other liabilities of one spouse "only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single." A.R.S. § 25–215(B). If "a person obligated to pay child support" is in arrears for an amount equal to at least one month's child support, the court shall order him to assign part of his earnings to the person entitled to receive child support. A.R.S. § 25–323(B).

■ Diane's wages may not be reached to satisfy Murrel's child support obligation. Child support is a premarital liability of Murrel. A.R.S. § 25–215(B) permits it to be paid out of the new community's property only to the extent of *Murrel's contribution that would have been his separate property if he were single.* Diane's wages do not satisfy this test. A.R.S. § 25–215(B) clearly precludes assignment of Diane's wages to satisfy Murrel's premarital obligation.

Betty relies on pre-§ 25–215(B) caselaw allowing alimony obligations (and by analogy, child support) to be paid out of a spouse's *share* of the new marriage's community property. *E.g., Gardner v. Gardner,* 95 Ariz. 202, 388 P.2d 418 (1964). Prior to 1973 Arizona's community property law prohibited the payment of any premarital debts out of the community property. Rev.Stat.1887 ¶ 2106 (repealed 1973). The final result of this law was often harsh. *Gardner* allowed a limited exception to this statute by distinguishing an alimony obligation from a contractual debt.

Essentially, our decision in this case rests on public policy. The obligations of marriage cannot be thrown aside like an old coat when a more attractive style comes along. An alimony debt from a previous marriage can be satisfied out of the community property.

95 Ariz. at 204, 388 P.2d at 418.

■ The 1973 revision of community property laws eliminated the "$2 bankruptcies" which were available under former § 25–216(B) and substituted § 25–215(B). Betty contends that this new subsection "was clearly intended by the legislature to expand (not restrict) the remedies and assets subject to the claim of premarital creditors." We disagree. The legislature has provided in plain, unambiguous language that premarital debts and other liabilities are to be satisfied out of the debtor-spouse's *contribution* to the community. Courts will not read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself. *City of Phoenix v. Donofrio,* 99 Ariz. 130, 407 P.2d 91 (1965). Therefore, the holding of *Gardner* cannot be applied here.

There is no language in A.R.S. § 25–323(B) relating to assignments which would add a new spouse as "a person obligated to pay child support" for children of a previous marriage.

■ Murrel and Diane have requested attorney's fees in the amount of $500 be awarded to them pursuant to A.R.S. § 12–2106, which requires a finding that the appeal has been taken for "delay" and is frivolous. They concede there has been no delay. Therefore, A.R.S. § 12–2106 is inapplicable and attorney's fees are denied.

EUBANK and FROEB, JJ., concur.