839 P.2d 1128

**FLEXMASTER ALUMINUM AWNING CO., INC., a New York corporation, Plaintiff, Counter-defendant-Appellant,**

v.

**Janet HIRSCHBERG, Defendant, Counter-claimant-Appellee.**

Nos. 1 CA–CV 90–469, 1 CA–CV 90–554.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 29, 1992.

Reconsideration Denied Oct. 22, 1992.

Sears & Goodman, P.C. by John M. Sears, Russell S. Duerksen, Prescott, for plaintiff, counter-defendant-appellant.

Musgrove & Drutz, P.C. by Mark W. Drutz, Grant K. McGregor, Prescott, for defendant, counter-claimant-appellee.

## OPINION

TOCI, Judge.

Flexmaster Aluminum Awning Co. ("Flexmaster") sued both Janet ("wife") and William ("husband") Hirschberg on a contractual debt William incurred before his marriage to Janet. While the action was pending, Flexmaster discovered that husband had filed a personal bankruptcy petition. Flexmaster notified the court and opposing counsel of that petition. However, both parties continued to litigate the action. The wife moved for summary judgment on the basis of improper joinder, and the trial court dismissed the suit against her after finding the wife was not a proper party. On appeal, Flexmaster contends the trial court erred in finding wife was improperly joined. We agree and reverse. We hold that the wife is a necessary party to a suit to establish limited liability of the community for the husband's premarital debt. We also hold that if the bankruptcy discharged the husband's premarital debt

to Flexmaster, Flexmaster no longer has a claim enforceable against the community.

## I. ISSUES

(1) Can a creditor satisfy a premarital debt subject to discharge in bankruptcy proceedings from the debtor-husband's contribution to the community property?

(2) In an action to establish the liability of community property for the premarital separate debts of the husband, is the creditor required to join the wife as a party?

## II. FACTS AND PROCEDURAL HISTORY

■ In an appeal from summary judgment, we view the facts giving every supportable inference to Flexmaster. *Gordinier v. Aetna Casualty & Surety Co.*, 154 Ariz. 266, 267, 742 P.2d 277, 278 (1987). There is no dispute, however, about the material facts.

The claims stated in the first amended complaint relate solely to debts the husband incurred before he was married. The claims arose when he purchased goods from Flexmaster on November 16, 1988. He later married Janet on March 12, 1989. She had no dealings with Flexmaster before the marriage.

On February 14, 1990, Flexmaster filed a complaint naming the marital community. The wife's attorney wrote to Flexmaster's counsel, informing him that the parties did not marry until after the husband contracted with Flexmaster. The wife's attorney requested that Flexmaster drop the wife from the suit.

Instead of dismissing the wife, Flexmaster amended the complaint. The amended complaint alleged that when the debt was incurred, the community obligated itself for the debt because both husband and wife acted on behalf of the marital community. Alternatively, Flexmaster claimed that the community property was liable for payment of the husband's premarital separate debt "to the extent of the value of [the husband's] contribution to the community property which would have been such spouse's separate property if single."

In the wife's answer, she denied being married to William until after he entered into the contract. She also counterclaimed, alleging that Flexmaster and its attorneys had filed the action against her "without substantial justification, primarily for purposes of harrassment [sic], knowing the First Amended Complaint was groundless, and in bad faith." She sought attorney's fees and double damages pursuant to A.R.S. section 12–349.

The wife filed a motion for summary judgment asserting that she was improperly joined. The trial court granted the motion, concluding "Janet Hirschberg is neither a necessary nor a permissible party to this litigation." It awarded her attorney's fees but did not specify on what basis.

The court entered formal judgment on July 3, 1990. Flexmaster appealed. This court docketed the appeal as Case No. 1 CA–CV 90–469. However, the judgment did not dispose of all claims and did not contain the necessary certification. *See* Ariz.R.Civ.P. 54(b). As a result, this court questioned appellate jurisdiction. The wife then moved to dismiss her counterclaim. The superior court granted her motion and entered final judgment on September 18, 1990. This judgment disposed of the counterclaim and contained the Rule 54(b) certification.

Flexmaster also appealed from the latter judgment, docketed in this court as Case No. 1 CA–CV 90–554. We granted Flexmaster's motion to consolidate. We have jurisdiction pursuant to A.R.S. § 12–2101(B).

### III. DISCUSSION

#### A. *Effect of the Bankruptcy*

We hold that if the husband's premarital liability has been discharged in bankruptcy, no debt exists for which the community is liable. Thus, a creditor may not look to a debtor-spouse's contribution to the community property to satisfy a debt that has been discharged in bankruptcy.

Flexmaster filed its first complaint against the Hirschbergs on February 14, 1990. It personally served the wife and obtained substituted service on the husband by serving the wife. On March 21, 1990, Flexmaster obtained substituted service on the wife by personally serving her husband with an alias summons and amended complaint.

On April 3, 1990, the husband filed a petition for personal bankruptcy under Chapter Seven of the United States Bankruptcy Code. *See generally* Title 11 United States Code ("U.S.C."). On May 7, 1990, Flexmaster notified the trial court and counsel of the husband's bankruptcy. After the parties briefed the issue of whether the bankruptcy filing triggered an automatic stay, the trial court declined to stay the lawsuit. It concluded:

> [T]he bankruptcy stay which precludes action in this case involving defendant William Hirschberg does not apply to the co-defendant, Janet Hirschberg, who is not a party to the bankruptcy.

The wife's attorney argues that the husband's August 10, 1990 discharge released him from liability for all debts existing when he filed the bankruptcy. Our limited record does not indicate whether the bankruptcy court discharged the husband's debt to Flexmaster. If the court discharged the debt, no claim against the community exists.

■ Once a person files a petition for bankruptcy, a bankruptcy estate is created. *See* 11 U.S.C. § 541. The bankruptcy estate

> consists of all legal or equitable interest in property which the debtor may hold. Administration of the property of the estate is done under guidance of the bankruptcy court. To facilitate that administration, the statutory stay of section 362 of the Bankruptcy Code disallows any action to obtain possession of property of the estate or to create or perfect any interest or claim to property of the estate....

*In re Schock*, 37 B.R. 399, 400 (Bankr. D.N.D.1984). The debtor's interest in community property is a part of the bankruptcy estate. 11 U.S.C. § 541(a)(2); *see also In re Scott*, 24 B.R. 738 (Bankr.M.D.Ala.

1982) (staying action seeking division of community property because it was part of bankruptcy estate).

■ The automatic stay provisions take effect upon the filing of a bankruptcy petition. *In re Scott*, 24 B.R. at 738. This stay continues in effect until the debtor's discharge in bankruptcy. 11 U.S.C. § 362(c). The automatic stay provides a means to effectively administer the debtor's assets and liabilities. Accordingly, "[a] state court has no right to make a determination or disposition of property which is property of the bankruptcy estate." *In re Schock*, 37 B.R. at 400.

■ Actions taken in violation of the automatic stay are voidable. *In re Janis*, 125 B.R. 274 (Bankr.D.Ariz.1991) (voided creditor's post-petition default judgment against debtors). We note the bankruptcy court's comment on this issue: "The Ninth Circuit, however, has recently taken a strong position in vitiating actions taken in violation of the automatic stay which may have an impact on the bankruptcy estate." *Id.*, 125 B.R. at 278. Furthermore, the bankruptcy code authorizes injunctive relief to preclude creditors from seeking recovery on any discharged debt. 11 U.S.C. § 524(a).

Here, Flexmaster sought to recover community property from which to satisfy the husband's premarital separate debt. The trial court did not stay Flexmaster's lawsuit against either party. Instead, the trial court ruled that the lawsuit was not affected by the husband's personal bankruptcy petition. Although the summary judgment being appealed concerns only the wife's joinder as a party, we disagree with the trial court's conclusion that the husband's bankruptcy does not affect this case.

■ Flexmaster could proceed against community property only to the extent of the debtor-spouse's contribution to the community; that is, the value of property that would be the husband's if he were single. A.R.S. § 25–215(B). Because the husband's contribution to the community comprised part of the bankruptcy estate, any judicial proceeding against that interest should have been automatically stayed. As a result, any judgment rendered in violation of the automatic bankruptcy stay would be voidable. Furthermore, if the husband's bankruptcy discharged the debt, Flexmaster would be enjoined from attempting to collect from the husband or from his contribution to the marital community.

Put simply, the husband must first be liable to Flexmaster in order for Flexmaster to seek any community property to satisfy the debtor-husband's liability. If his liability has been discharged in bankruptcy, no debt remains to enforce against the community. Under these circumstances, Flexmaster may not proceed against the debtor-spouse's contribution to the community property to satisfy the debt.

## B. Community Property Law

■ In the event the bankruptcy court did not discharge husband's debt to Flexmaster, we must decide whether William's wife is a necessary party in Flexmaster's action to recover community property for his separate, premarital debt. We hold that a nondebtor spouse is a necessary and proper party in a suit to establish the limited liability of the community under A.R.S. section 25–215(B) for separate, premarital debts. We reach this conclusion because the wife's joint interest in the community necessarily includes the right to litigate both the premarital debt and the value of the husband's contribution to the community that may be subject to the premarital debt. We need not decide in this case whether a creditor with a judgment against one of the marital partners for a separate premarital debt may enforce that judgment against the community without bringing an independent lawsuit naming the nondebtor spouse.

Prior to 1973, by getting married, a person contracting a debt while single could effectively protect his or her property from a judgment creditor. *See* former A.R.S. § 25–216. The creditor had no claim to the property of the debtor's marital community. This was known as the "two dollar bankruptcy" because a marriage license

cost two dollars. *See Hines v. Hines,* 146 Ariz. 565, 567, 707 P.2d 969, 971 (App. 1985); *Schilling v. Embree,* 118 Ariz. 236, 238, 575 P.2d 1262, 1264 (App.1977).

In 1973, the legislature repealed section 25–216 and added section 25–215. The subsection pertinent to this appeal states:

> The community property is liable for the premarital separate debts or other liabilities of a spouse, incurred after September 1, 1973 but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single.

A.R.S. § 25–215(B).

Flexmaster, by filing this action against the marital community, sought to satisfy a judgment based on the husband's debt from the value of community property that would be his if he were single. Flexmaster argues that it is necessary to join the community in order to reach community assets and that it is proper to do so in one suit. We agree.

■■■■ Both spouses form an equal part of the marital community. *See* A.R.S. § 25–214(B). With certain exceptions, all property acquired during the marriage is community property. A.R.S. § 25–211. A creditor may seek limited community property to satisfy a spouse's premarital separate debt. A.R.S. § 25–215(B). However, the character of the property used to satisfy the separate debt does not change from community to separate; the nondebtor spouse's ownership interest in the community property remains a community property interest. *See Potthoff v. Potthoff,* 128 Ariz. 557, 561, 627 P.2d 708, 712 (App.1981) (once character of property is fixed, it remains the same unless changed by parties' agreement or operation of law).

■■■■ A creditor must join both spouses as defendants before the creditor may obtain and execute a judgment against the community. A.R.S. § 25–215(D) ("[I]n an action on [a debt against the community] the spouses shall be sued jointly...."). In *Eng v. Stein,* 123 Ariz. 343, 599 P.2d 796 (1979), our supreme court held a judgment against a husband and wife was not en-

forceable against the wife or the community because she had never been named or served in the lawsuit. The court relied on Justice Struckmeyer's dissent in *King v. Uhlmann,* 103 Ariz. 136, 156, 437 P.2d 928, 948 (1968), to void the judgment against the wife and the community. Justice Struckmeyer wrote, "[t]hat an in personam judgment may not be rendered against one who has never been a party to the litigation would seem so obvious that citation of authority should be unnecessary." *Id.* at 156, 437 P.2d at 948. *See also Spudnuts, Inc. v. Lane,* 139 Ariz. 35, 36, 676 P.2d 669, 670 (App.1984) (judgment against only one spouse does not bind the community).

In a recent case in which both spouses were named and served, the husband had signed a personal guaranty before marriage. *Crown Life Ins. Co. v. Howard,* 170 Ariz. 130, 822 P.2d 483 (App.1991). The lower court dismissed the wife from the suit. 170 Ariz. at 132, 822 P.2d at 485. Characterizing the guaranty as a premarital separate debt, this court vacated the order dismissing the wife and remanded for a determination of the husband's contribution to the marital community under A.R.S. § 25–215(B). 170 Ariz. at 134, 822 P.2d at 487. In disposing of a procedural matter, the court acknowledged: "Because [the husband and wife] have a joint interest in the community to which [the creditor] asserts a claim, [the wife's] interest cannot be severed from [the creditor's] claim against [the husband]." *Id.* (citation omitted).

We follow our decision in *Crown Life.* We find additional support in our supreme court's decision in *Eng.* Although this is an action to collect a separate premarital debt from community property, we see no reason why the principles in *Eng* should not apply here. We hold, therefore, that a judgment against the marital community for a separate premarital debt is not valid unless both spouses are joined in the action. The wife's interest in community property includes a due process right to litigate both the premarital debt and the value of the husband's contribution to the marital community.

The wife contends that Flexmaster must first obtain a judgment against her hus-

band individually. Then, she argues, Flexmaster must either file a second action against both spouses to obtain a judgment against the community or execute on the debtor-spouse's contribution to community property without obtaining a judgment against the community. We reject both arguments.

 We must construe statutes so as to give them reasonable meaning. *See City of Phoenix v. Superior Court,* 144 Ariz. 172, 177, 696 P.2d 724, 729 (App. 1985); *Knoell Bros. Const., Inc. v. State Dept. of Revenue,* 132 Ariz. 169, 644 P.2d 905 (App.1982). We held above that the wife's community interest gives her a due process right to litigate the premarital debt in this lawsuit. It is unreasonable to construe A.R.S. section 25–215(B) to require a second suit to establish the limited liability of the community for such premarital debt. Requiring multiple suits would necessarily duplicate every aspect of the proceedings, waste judicial resources, and cause unneeded expense for the parties. Judicial economy is best served by deciding in one suit in which both spouses are parties, both the debtor-spouse's liability for the separate premarital debt and the value of "that spouse's contribution to the community property which would have been such spouse's separate property if single."

Both parties rely on our decision in *Hines v. Hines* to support their positions. Although *Hines* is instructive on some points, we reject the wife's contention that in *Hines* this court affirmed the assignment of the husband's wages to satisfy a premarital support obligation. On the contrary, neither husband nor his second wife appealed from the trial court's decision assigning the husband's wages to pay delinquent child support arising from a prior divorce decree. Also, in *Hines,* we affirmed the trial court's denial of an assignment of the second wife's wages to pay the husband's child support obligation from his prior marriage.

We similarly reject Flexmaster's suggestion that *Hines* stands for the proposition that the community was bound by the first wife's judgment against the husband because both husband and his first wife were sued. The first wife in *Hines* had a judg-ment against only her ex-husband, not against the community comprised of him and his second wife. Furthermore, neither Mrs. Hines' ex-husband nor his second wife cross-appealed from the trial court's decision assigning the husband's wages. Thus, this court did not decide the issue whether the community was bound by Mrs. Hines' judgment against her ex-husband or whether Mr. Hines' second wife was a necessary party to the lawsuit.

## III. CONCLUSION

The legislature specifically provided that a creditor may look to certain community property to satisfy separate premarital debts. A.R.S. § 25–215(B). Flexmaster named and served both spouses in an effort to obtain a judgment against the marital community. We hold that the wife has a due process right to litigate both the premarital debt and the value of the husband's contribution to the community property. Due process considerations and judicial economy favor obtaining the judgment against the community in the same suit in which the creditor obtains the judgment against the debtor-spouse. Therefore, the trial court erred in dismissing the wife from this suit. As noted above, we do not decide whether a judgment against a debtor-spouse for a separate premarital debt may be enforced against the community without an independent lawsuit naming the nondebtor spouse.

We hold, however, that if the underlying debt has been discharged in bankruptcy, Flexmaster may not proceed against the marital community at all.

Additionally, Flexmaster requested an award of attorney's fees on appeal. In the exercise of our discretion, we deny the request. A.R.S. § 12–341.01(A).

We reverse the judgment, and remand the cause for further proceedings consistent with this opinion.

GRANT, P.J., and LANKFORD, J., concur.