910 P.2d 654

**CBM OF ARIZONA, INC., dba Collection Consultants, Inc., Plaintiff/Appellee,**

v.

**Carolyn SEVIER, a single woman, Defendant/Appellant.**

No. 2 CA–CV 95–0168.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 11, 1996.

---

**504**

Aron & Associates, P.C. by Peter M. Balsino, Tucson, for Plaintiff/Appellee.

DeConcini McDonald Brammer Yetwin & Lacy, P.C. by Gary F. Urman, Tucson, for Defendant/Appellant.

FERNANDEZ, Judge.

A.R.S. § 25–215(B) provides that the community property of a married couple is liable for the premarital debts or other liabilities of either spouse, "but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single." In *Flexmaster Aluminum Awning Co., Inc. v. Hirschberg*, 173 Ariz. 83, 87, 839 P.2d 1128, 1132 (App.1992), Division One of this court held that this statute requires joinder of the nondebtor spouse in an action by the creditor to recover against community property "because the [nondebtor spouse's] joint interest in the community necessarily includes the right to litigate both the premarital debt and the value of the husband's contribution to the community that may be subject to the premarital debt." *See also Heinig v. Hudman*, 177 Ariz. 66, 865 P.2d 110 (App.1993). The court expressly left open the question "whether a creditor with a judgment against one of the marital partners for a separate premarital debt may enforce that judgment against the community without bringing an independent lawsuit naming the nondebtor spouse." 173 Ariz. at 87, 839 P.2d at 1132. That is the issue presented in this case.

The facts in this case are largely undisputed. Appellee CBM of Arizona, Inc. (CBM), obtained a default judgment against appellant Carolyn Sevier in Pima County Justice Court and filed the judgment in superior court in 1986. The judgment was renewed by affidavit in 1990. Sevier was married in 1987 and remained married during this litigation.

In 1994, CBM filed an application for writ of garnishment directed to J.C. Penney Company, Inc., by whom Ms. Sevier was employed. Named as debtors in the application were "Carolyn Sevier and John Doe Sevier husband and wife." CBM also filed a certification that it had mailed the Initial Notice and Request for Hearing forms to "Judgment Debtor," along with copies of the judgment and writ. *See* A.R.S. § 12–1598.04(D). No objection to the writ was filed, and an order of continuing lien was filed January 23, 1995.

In March 1995, Sevier alone filed a request for hearing to object to the garnishment. She objected to the writ on the grounds that 1) the judgment was void because she had never been served and 2) the judgment could not be satisfied with community property because her husband was not a party to the judgment. The trial court denied the objection, reasoning as follows:

> THE COURT FINDS that the issues raised by the Judgment–Debtor's request for garnishment hearing are resolved by the clear provisions of A.R.S. § 25–215(B). The Judgment–Debtor's employment earnings would clearly be her sole and separate property if she were not married and as such, under the foregoing statute, are answerable for her premarital judgment debts, notwithstanding the community's interest.

On appeal, Sevier raises only her second objection, contending that while § 25–215(B) makes the marital community "liable" for her premarital separate debt, CBM may not execute against community assets until that liability is converted into a judgment against the marital community following an action in which both she and her spouse are named as parties. In so arguing, she relies on *Flexmaster* and other cases, none of which in-

volves a separate debt reduced to judgment prior to the debtor's marriage. That fact is critical, as the prior judgment is *res judicata* as to the nature of the debt and the amount of the obligation. *See C & J Travel, Inc. v. Shumway,* 161 Ariz. 33, 775 P.2d 1097 (App. 1989) (doctrines of *res judicata* and merger bar action in Arizona against husband and wife on same debt which was the basis of New Hampshire judgment against husband). Thus we reject Sevier's contention that the judgment which CBM seeks to enforce is invalid because her husband was not a party thereto.

■ Such a holding is not inconsistent with either the decision in *Flexmaster* or the provisions of § 25–215(B) and (D), which require joinder of both spouses in an action on a debt or other obligation. As the court in *Flexmaster* noted, the nondebtor spouse's interest in the marital community confers a due process right to litigate the extent to which the parties' community property will be liable for the debtor spouse's premarital debt. With respect to the debt itself, that includes the right to raise any defenses the debtor spouse may have to payment. Where the debt has not been reduced to judgment, either spouse may contest the amount of the debt or even its existence. *Heinig v. Hudman,* 177 Ariz. 66, 865 P.2d 110 (App.1993); *Flexmaster.* Where a judgment has been obtained prior to the marriage, however, both spouses are limited to those defenses which may be raised against the judgment, such as satisfaction or nonrenewal. Additionally, with respect to the community property which may be reached to satisfy the judgment, both spouses have the right to litigate the extent of the debtor spouse's contribution to the community. § 25–215(B). *See Crown Life Ins. Co. v. Howard,* 170 Ariz. 130, 822 P.2d 483 (App.1991).

■ In this case, because Sevier's debt had been reduced to judgment prior to her marriage, neither she nor her husband could relitigate the issues subsumed in that judgment in the garnishment proceedings. Although both were entitled to raise any defenses to enforcement of the judgment and to litigate the extent of Sevier's contribution to the community, Sevier argues that her husband was deprived of this right because he was never joined as a party to the garnishment action. The record belies this contention.

As noted above, the application for writ of garnishment was directed to both "Carolyn Sevier and John Doe Sevier husband and wife," and all subsequent pleadings were similarly captioned. Further, notice was mailed to the debtors' last known address as permitted by A.R.S. §§ 12–1598.04(D) and 12–1598(2)(b).[1] Thus, the court had jurisdiction to issue the original writ and, when neither objected, the continuing lien. Obviously, both received actual notice of the proceeding when Sevier's wages were garnished. At that point, it was incumbent upon Sevier's husband to appear and raise whatever objections he had to the garnishment as Sevier herself did. As he failed to do so, Sevier cannot now object that he was deprived of the opportunity.

In any event, we note that Sevier raised no defense to enforcement of the judgment, nor did she present any evidence that these wages did not reflect her contribution to the community. They clearly would have been her separate property had she been unmarried.

The judgment is affirmed.

LIVERMORE, P.J., and PELANDER, J., concur.

---

1. CBM's pleadings so state, and Sevier presented no evidence in the trial court that the address to which the notices and pleadings were sent was not "determine[d] through reasonable good faith efforts to be best calculated to reach the recipient in a timely manner." A.R.S. § 12–1598(2)(b).