IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOSEPH ANTHONY DIPASQUALE, *Petitioner/Appellee,*

*v.*

HELEN VIRGINIA DIPASQUALE, *Respondent/Appellant.*

No. 1 CA-CV 16-0356 FC
FILED 9-7-17

---

Appeal from the Superior Court in Maricopa County
No. DR2000-012781
The Honorable Katherine M. Cooper, Judge

**VACATED AND REMANDED**

---

COUNSEL

Ayers & Brown, P.C., Phoenix
By Harvey S. Brown, Joshua M. Conway
*Counsel for Petitioner/Appellee*

The Cavanagh Law Firm, P.A., Phoenix
By Philip C. Gerard, Helen R. Davis, Karen C. Stafford
*Counsel for Respondent/Appellant*

**OPINION**

Judge James P. Beene delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

B E E N E, Judge:

¶1 Helen DiPasquale ("Helen") appeals the superior court's denial of her motion for leave to join Susan Levendowski ("Susan") as a party in Helen's motion to enforce a judgment against her former husband, Joseph DiPasquale ("Joseph"). Helen contends the superior court erred by failing to properly consider Arizona Revised Statutes ("A.R.S.") section 25-215 (2017)[1] and this court's holding in *Flexmaster Aluminum Awning Co. Inc. v. Hirschberg*, 173 Ariz. 83 (App. 1992). For the following reasons, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY

¶2 Helen and Joseph were married for 38 years before they obtained a decree dissolving their marriage in 2001. Contemporaneous with their consent decree, the parties entered into a property settlement agreement whereby Joseph agreed to pay Helen $2,600 per month in spousal maintenance until her death or remarriage.[2] Soon after the dissolution, Joseph stopped making spousal maintenance payments. In February 2006, Joseph married Susan.

¶3 In September 2006, Helen petitioned to enforce spousal maintenance and arrearages. In March 2007, the parties agreed to another property settlement agreement that resulted in a judgment in favor of Helen and against Joseph for $122,200 plus interest at 10% per year, and the cessation of ongoing spousal maintenance payments. Additionally, Joseph agreed to pay Helen $200 per month against the spousal maintenance arrearage, provide her with copies of his annual tax returns, and maintain

---

[1] Absent material revision after the relevant date, we cite a statute's current version.

[2] The property settlement was incorporated into the parties' consent decree and adopted by the superior court.

a life insurance policy with a face value of $250,000 for Helen's irrevocable benefit.

**¶4** Although Joseph largely made the arrearage payments, he allowed the life insurance policy to lapse and failed to provide Helen his annual tax returns. In October 2015, Helen filed a petition to enforce all previous property settlement agreements and sought entry of judgment, equitable relief, and an award of attorneys' fees. *See* Ariz. R. Fam. Law P. ("Rule") 91. Helen also moved for leave to file a third-party petition pursuant to Rule 33 and A.R.S. § 25-215(B), asking that Susan be joined in order for the superior court to make a finding determining Joseph's contribution to the community property.

**¶5** Following a hearing, the superior court granted Helen much of her requested relief, but denied her motion to file a third-party petition to join Susan as a party. The court found that determining Joseph's contribution to the community was not an issue for the family court, and that it was premature to join Susan until Helen sought to actually collect against Joseph and Susan's community property. Helen timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶6** Helen argues the superior court erred in concluding it could not join Susan pursuant to Rule 33 in order to establish Joseph's contribution to the community property and liability of the community under A.R.S. § 25-215(B). We review questions involving the application and interpretation of court rules *de novo. Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

**¶7** Rule 33(A) states "[a] party to a family law case may file a statutory claim . . . against a third party arising out of or related to the subject matter of the action by the filing of . . . [a] third party petition[.]" Rule 33(C) states that "the court *may* join additional parties necessary for the exercise of its authority." (Emphasis added.) Read together, these rules grant the superior court discretion to permit joinder of third parties by third party petition. *See Crum v. Maricopa Cnty.*, 190 Ariz. 512, 515 (App. 1997) (noting "may" is permissive, not mandatory); *see also Nikolous v. Superior Court*, 157 Ariz. 256, 259 (1988) (trial court has discretion to allow third-party practice).

**¶8** Helen's Rule 33 petition sought to join Susan in order to litigate the issue of Joseph's contribution to the community property of Joseph and Susan. Contrary to Joseph's contention, allowing Helen to file

her petition would not, and as a matter of law could not, convert his pre-marital spousal maintenance into community debt. *Compare Hines v. Hines*, 146 Ariz. 565, 567 (1985) (A.R.S. § 25-215 permits collection of pre-marital debts only from debtor's contribution to community) *with Gardner v. Gardner*, 95 Ariz. 202 (1964) (public policy considerations before passage of § 25-215 allowed child support to be collected from entire community property of remarried debtor). A creditor owed pre-marital debt may collect from community property only the amount contributed to the community by the debtor. A.R.S. § 25-215(B).

**¶9** In *Flexmaster*, albeit in a different procedural context, we held that "a nondebtor spouse is a necessary and proper party in a suit to establish the limited liability of the community under A.R.S. section 25-215(B) for separate, premarital debts." 173 Ariz. at 87. Failing to join the spouse of a pre-marital debtor will "necessarily duplicate every aspect of the proceedings, waste judicial resources, and cause unneeded expense for the parties." *Id.* at 89.

**¶10** Here, the superior court declined to join Susan because "the issue of [Joseph's] contribution to a community property asset is not an issue for Family Court[,]" and the issue was premature so long as Helen did not attempt to collect the pre-marital debt from a specific source. The legal basis for the superior court's reasoning is incorrect.

**¶11** In Arizona, the superior court is a "single unified trial court of general jurisdiction[,]" *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102 (1995), and the separation of the superior court into divisions is "purely imaginary and for convenience only," *Peterson v. Speakman*, 49 Ariz. 342, 348 (1937). "[T]he enforcement of dissolution decrees . . . is generally predicated upon the equitable power of the family court 'to do full and complete justice between the parties.'" *Jensen v. Beirne*, 241 Ariz. 225, 229, ¶ 14 (App. 2016) (quoting *Genda v. Superior Court*, 103 Ariz. 240, 244 (1968), *overruled on other grounds by Helber v. Frazelle*, 118 Ariz. 217 (1978)). The superior court "retains jurisdiction to enforce a dissolution decree until justice is achieved." *Id.* The statutory basis for Helen's motion to file a third-party petition, A.R.S. § 25-215(B), relates solely to community property created by marriage. Helen's motion, which was authorized by statute and rule, was properly before the superior court in this family law matter. Accordingly, any conclusion that it could only be pressed in a civil proceeding was contrary to law.

**¶12** Collecting community property from Joseph and Susan under A.R.S. § 25-215(B) requires a finding of Joseph's contribution to the

community property, an issue that was ripe for determination. Susan's "interest in the marital community confers a due process right to litigate the extent to which the parties' community property will be liable for the debtor spouse's premarital debt." *CBM of Ariz., Inc. v. Sevier,* 184 Ariz. 503, 505 (App. 1996). Moreover, because "both spouses have a right to litigate the extent of the debtor spouse's contribution to the community[,]" due process requires a finding of the amount a debtor contributed to the marital property, and the opportunity for debtor's spouse to contest same. *Id.* While the superior court has discretion regarding the joinder of third parties under Rule 33, the superior court's statement that the issue of Joseph's contribution to a community asset is not an issue for family court is not a correct statement of law.

## CONCLUSION

¶13 For the foregoing reasons, we vacate the superior court's order and remand for further proceedings consistent with this opinion.

