NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

NICHOLAS CHRISTOPHER HERNANDEZ,
*Petitioner/Appellant*,

*v.*

RALPHINA MARIE HERNANDEZ,
*Respondent/Appellee*.

No. 1 CA-CV 20-0103 FC
FILED 10-29-2020

Appeal from the Superior Court in Maricopa County
No. FN2018-051179
The Honorable Dawn M. Bergin, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Reppucci & Roeder, PLLC, Phoenix
By Ryan M. Reppucci
*Counsel for Petitioner/Appellant*

Crider Law Firm, PLLC, Mesa
By Brad J. Crider
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1     Nicholas Christopher Hernandez (Husband) challenges the distribution of property and debts in a decree of dissolution of marriage with Ralphina Marie Hernandez (Wife). For the reasons set forth below, the Decree is affirmed in part and vacated in part and remanded for further consideration consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2     Husband and Wife married in 2003. Husband petitioned for dissolution in 2018. The Decree, entered after trial, divided various property and obligations. This court has jurisdiction over Husband's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1)(2020).[1]

## DISCUSSION

¶3     The Decree's division of community property and community obligations is reviewed for an abuse of discretion. *See Hefner v. Hefner*, 248 Ariz. 54, 57 ¶ 6 (App. 2019); *Hammett v. Hammett*, 247 Ariz. 556, 559 ¶ 13 (App. 2019). The facts are reviewed in the light most favorable to sustaining the Decree. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346 ¶ 5 (App. 1998).

¶4     Community property and community obligations must be divided "equitably, though not necessarily in kind." A.R.S. § 25-318(A); *Flower v. Flower*, 223 Ariz. 531, 534–35 ¶ 12 (App. 2010). An equal division of community property is presumed to be equitable, although the court may divide community property otherwise if there is "sound reason" to do so. *Toth v. Toth*, 190 Ariz. 218, 221 (1997). By contrast, a court has no jurisdiction (or discretion) to allocate separate property or separate debts —

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

each must be assigned to the proper spouse. *See* A.R.S. § 25-318(A); *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982). Husband argues the Decree erred in (1) allotting half of Wife's student loan debt acquired before the marriage to Husband and (2) awarding Wife sole ownership of a business called Wind-Feather Productions, LLC.

## I. Husband Did Not Agree to Be Responsible for Wife's Pre-Marital Student Loan Debt.

**¶5** A non-debtor spouse cannot be held liable for their partner's pre-marital debt absent an agreement to the contrary. *See* A.R.S. § 25-215(A); *Hines v. Hines*, 146 Ariz. 565, 567 (App. 1985). Here, $71,414 of Wife's $122,341 total student loan debt was acquired before the marriage and is therefore not assignable to Husband absent his agreement.

**¶6** The Decree found "Husband agreed at trial to be responsible for 50% of Wife's student loans." An agreement between divorcing spouses "is valid and binding on the parties if," as potentially applicable here, "the agreement's terms are stated on the record before a judge." Ariz. R. Fam. Law P. 69(a)(2). The record, however, shows no agreement by Husband to be responsible for any portion of Wife's pre-marital student loan debt.

**¶7** Although Husband agreed to responsibility for 50% of the student loans Wife incurred *during* the marriage, the record does not support a finding that Husband agreed to responsibility for Wife's *total* student loan debt. Instead, both Husband and his counsel told the court Husband agreed "that any *community* debt will be divided equally," adding that meant debt "for [the] education that [Wife] acquired *during* [the] marriage." (Emphasis added.)

**¶8** Wife's pretrial filings distinguished between her pre-marital and post-marital student loan debt, requesting the latter be divided between the parties and the former be her sole responsibility. On appeal, Wife does not directly argue to the contrary. Instead, she maintains the allocation in the Decree was necessary to avoid an unjust division of the parties' community obligations. But because there was no Rule 69(a) agreement allocating Wife's pre-marital student loan debt to Husband, that debt is Wife's separate obligation; the court has no ability to allocate any of it to Husband. *See* A.R.S. § 25-318(A). For these reasons, that portion of the Decree requiring Husband to share equal responsibility for Wife's pre-marital student loan debt is vacated. On remand, Wife's pre-marital student loan debt and any accrued interest is her sole and separate responsibility,

while Wife's post-marital student loan debt is to be equitably divided between the parties.

## II.    The Court Properly Awarded Wife Wind-Feather Productions, LLC.

**¶9**        During their marriage, Husband and Wife formed Wind-Feather Productions, LLC, which produced a documentary about Native American veterans entitled *Honor Riders*. Although Husband and Wife had an equal interest in the company, Wife was solely responsible for managing *Honor Riders*' production, fundraising and royalties. The Decree awarded Wind-Feather Productions to Wife. According to Husband, this award was error because there was (1) no basis for the Decree's finding that Wind-Feather Productions has no value and (2) no reason to depart from the presumption that community property should be divided equally. Neither of Husband's arguments show error.

**¶10**        Husband submitted no evidence to substantiate his testimony regarding Wind-Feather Productions' value. He testified that *Honor Riders* generated revenues such as "DVD sales, film showings, related souvenirs, and streaming royalties," but did not provide the financial records necessary to support these assertions. *See generally* Ariz. R. Fam. Law P. 49–65.[2] Nor did Husband provide any financial records or evidence showing Wind-Feather Productions' assets exceeded its liabilities. Indeed, at trial, Husband conceded "[w]e never made a lot of money off it" and there were still outstanding expenses to be paid. For these reasons, Husband has not shown the court erred in finding Wind-Feather Productions has no value.

**¶11**        Husband also argues the court was obligated to divide Wind-Feather Productions equally because there was no evidence of "unusual circumstances" supporting an unequal division. Not so. In dividing community property, a court may consider any "factors that bear on the equities of a particular case." *Flower*, 223 Ariz. at 535 ¶ 14. When, as here, an unequal award of community property has no effect on the

---

[2] Husband asks this court to take judicial notice on appeal of the fact that *Honor Riders* is available on Amazon Video. Because this court's review is limited to the record before the superior court, *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990), Husband's request for judicial notice is denied.

economic division of the overall marital estate, such an award is within the court's discretion. *See Valladee v. Valladee*, 149 Ariz. 304, 310 (App. 1986).

¶12        The court found the "documentary has been completed, but has generated no revenue." This finding is supported by the trial record and was not error. Accordingly, the award of Wind-Feather Productions, LLC to Wife had no effect on the economic division of the overall marital estate and was not an abuse of discretion.

## III.    Attorneys' Fees on Appeal.

¶13        Both parties request attorneys' fees and costs on appeal under A.R.S. §§ 12-349 and 25-324, as well as Arizona Rule of Civil Appellate Procedure 21. In the court's discretion, both requests for fees are denied. Husband is, however, awarded his taxable costs on appeal, contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶14        The Decree is affirmed in all respects, except to the extent it found Husband responsible for any of Wife's pre-marital student loan debt. This matter is remanded for further proceedings on that issue consistent with this decision.

