NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In the Matter of the Estate of:

LOU RAWLS, *Deceased.*

ELVA CECILIA COPE, *Appellee,*

*v.*

NINA RAWLS, *Appellant.*

No. 1 CA-CV 18-0512
FILED 7-25-2019

Appeal from the Superior Court in Maricopa County
No. PB2006-001904
The Honorable Jay M. Polk, Judge

**AFFIRMED IN PART**

COUNSEL

Frazer, Ryan, Goldberg & Arnold, LLP, Phoenix
By John R. Fitzpatrick, Joshua D. Moya
*Counsel for Appellee*

Curley & Allison, LLP, Phoenix
By Roger D. Curley
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kent E. Cattani joined.

---

**J O H N S E N**, Judge:

¶1 Nina Rawls appeals the superior court's judgment in favor of Elva Cecilia Cope. Ms. Rawls challenges an order the court entered in May 2011, but the issue she raises is not ripe because we cannot on this record discern the extent of that order. Otherwise, we affirm the superior court's award of attorney's fees in favor of Ms. Cope.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Ms. Cope and musician Lou Rawls ("Decedent") married in 1989 and divorced in 2003. In the dissolution, the couple entered a Marital Settlement Agreement ("MSA"), under which Ms. Cope agreed to waive her right to spousal maintenance in exchange for a share of royalties on songs Decedent wrote and recorded from the time the couple began living together in 1973.

¶3 Decedent married Ms. Rawls in 2004. After Decedent's death in 2006, his will was admitted to probate and Ms. Rawls was appointed personal representative of the Estate. Soon after, Ms. Cope filed a petition challenging the validity of the will, but the superior court ruled in 2012 that the will was valid, and the probate proceeded.

¶4 Ms. Cope served a Notice of Claim to enforce her rights under the MSA, which the Estate allowed in full and classified "as a separate claim payable out of separate property and Decedent's half of community property." Ms. Cope then filed a petition for allowance of claim, seeking amounts owed her under the MSA. In the "Relief Requested" portion of her petition, Ms. Cope asked the court to issue an order allowing her claim to "be had against both the separate and entire community property of the ESTATE to the extent DECEDENT or [Ms. Rawls] have comingled the funds due [Ms. Cope] with the community property of the DECEDENT and his surviving spouse."

¶5 The court did not address Ms. Cope's 2007 petition until March 2011, when it set a date for a hearing on the petition and ordered any

objections to be filed beforehand. Ms. Rawls filed no objection, but her counsel appeared at the hearing. Our record contains no transcript of the proceeding, but on May 18, 2011, the court issued a written order: "The Petition is hereby granted. The claim presented by [Ms. Cope] is allowed against the separate and community property of the Estate."

¶6            A protracted dispute then ensued regarding the royalties to which Ms. Cope was entitled under the MSA. Following a bench trial in 2016, the court established the methodology to calculate Ms. Cope's claim and confirmed Ms. Cope's entitlement to an award of attorney's fees and litigation expenses incurred in connection with her efforts to enforce the MSA. The parties then reached an agreement on the amount of Ms. Cope's claim that had accrued through June 30, 2016, and the court signed an order prepared by counsel for Ms. Cope "allow[ing] against the Estate [a claim] in the amount of $231,952.54."

¶7            Ms. Cope submitted an application for an award of costs and fees, which the court granted in part. The court then entered judgment pursuant to Arizona Rule of Civil Procedure 54(b), incorporating its prior ruling regarding the parties' settlement agreement, reciting that Ms. Cope's "claim against the Estate would be allowed," and awarding costs and attorney's fees to Ms. Cope.[1] Ms. Rawls timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

### A.      Standard of Review.

¶8            In reviewing a judgment, "[w]e will not set aside the . . . court's findings of fact unless clearly erroneous, giving due regard to the opportunity of the court to judge the credibility of witnesses." *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000). "We are not bound by the trial court's conclusions of law and are free to draw our own conclusions of law from the facts found by the trial court." *Ariz. Bd. of Regents v. Phoenix Newspapers, Inc.*, 167 Ariz. 254, 257 (1991).

---

[1]      Absent material revision after the relevant date, we cite the current version of a statute or rule.

## B.     The May 18, 2011 Order.

¶9         Ms. Rawls argues the superior court's May 2011 order allowing Ms. Cope's claim under the MSA constituted an erroneous determination that Ms. Cope could collect what she was due "from 100% of the community property."  Ms. Rawls contends that because the MSA was a separate debt incurred before the marriage, it could be satisfied only from the Decedent's separate property and his 50% interest in the marriage's community property.  *See* A.R.S. § 14-3806(A) (2019) ("personal representative of the estate of a deceased spouse may classify a claim . . . as a separate claim payable out of separate property and the balance of the decedent's half of community property"); *In re Estate of Kirkes*, 231 Ariz. 334, 335, ¶ 6 (2013) ("Upon the death of one spouse, the community dissolves, with half of the value of community assets going to the surviving spouse and the other half passing subject to disposition by the deceased spouse.").

¶10         In response, Ms. Cope argues that under A.R.S. § 25-215(B) (2019) the entire amount of community property (not just the Decedent's 50% share) is liable for the Decedent's obligations under the MSA.  That statute states, "The community property is liable for the premarital separate debts or other liabilities of a spouse, . . . but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single."  A.R.S. § 25-215(B); *see Flexmaster Aluminum Awning Co., Inc. v. Hirschberg*, 173 Ariz. 83, 87 (App. 1992) (creditor could seek recovery from community property on husband's premarital debt only "to the extent of the debtor-spouse's contribution to the community; that is, the value of property that would be the husband's if he were single").

¶11         As Ms. Cope points out, Ms. Rawls did not file a written objection to Ms. Cope's petition for allowance of claim, nor does the record reflect that Ms. Rawls disputed the claim at the hearing set to determine the matter.  Normally we do not address issues raised for the first time on appeal.  *Conant v. Whitney*, 190 Ariz. 290, 293 (1997).  On the other hand, so far as we can discern from the record, Ms. Cope's petition did not cite § 25-215(B) or argue for application of the principle stated in the statute.  Instead, Ms. Cope's petition sought to enforce her debt against the entire community property only to the extent that Decedent and Ms. Rawls had "comingled" royalties owed to Ms. Cope with their community property.

¶12         In any event, it is not readily apparent that the May 2011 order ruled that Ms. Cope may collect what she is owed "from 100% of the community property," as Ms. Rawls asserts.  As noted, Ms. Cope's petition

asked the court to allow her claim to "be had against both the separate and entire community property of the ESTATE to the extent DECEDENT or [Ms. Rawls] have comingled the funds due [Ms. Cope] with the community property of the DECEDENT and his surviving spouse." Our record contains no indication that the court heard evidence on the petition before ruling. Further, the order granting the petition addressed neither comingling nor § 25-215(B) and stated only that "[t]he claim presented by [Ms. Cope] is allowed against the separate and community property of the Estate." In short, it is not at all clear that, as Ms. Rawls asserts, the order entitles Ms. Cope to satisfy her claim from *all* of the community property.

¶13    Generally speaking, a spouse has the right "to litigate the extent of the debtor spouse's contribution to the community." *CBM of Ariz., Inc. v. Sevier*, 184 Ariz. 503, 505 (App. 1996). During the 2016 trial on the MSA, Ms. Rawls argued that her efforts to manage Decedent's career and promote his work entitled the community to an interest in the royalties subject to the MSA. In its post-trial ruling, the superior court expressly declined to address that argument, saying it "had no place in the first part of these bifurcated proceedings" because the court first needed to decide "what royalties are owed for particular songs." The parties later stipulated to the amount of Ms. Cope's claim under the MSA that had accrued through June 30, 2016, and it does not appear that the court ever addressed Ms. Rawls's argument about her contribution to the value of the royalties.

¶14    In short, unless and until the superior court is asked to apply its May 2011 order, we have no way to meaningfully review whether that order "went well beyond what was requested" by Ms. Cope's petition, as Ms. Rawls argues. We "do not issue mere advisory opinions." *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 6 (1985). If and when the court orders the Estate to satisfy Ms. Cope's claim from funds other than Decedent's separate property and the Estate's share of community property, the issue may be ripe for appeal.

## C.    The Attorney's Fees Award.

¶15    Ms. Rawls also argues the superior court erred in awarding attorney's fees to Ms. Cope because some of the fees allowed were not incurred in connection with enforcing the MSA. We review an award of attorney's fees for abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004).

¶16    Following the settlement on the amount of royalties under the MSA, Ms. Cope filed an application for an award of costs and fees, which

itemized in great detail all of the expenses she incurred in enforcing the MSA, along with supporting documentation. Ms. Rawls objected, arguing Ms. Cope sought reimbursement for fees unrelated to the MSA. In making its award, the superior court acknowledged Ms. Rawls's argument but found she had "not provided any details" or cited even "a single time entry in [Ms. Cope's attorneys'] billing statements" to support her challenge.

¶17 On appeal, Ms. Rawls points to three billing entries (out of hundreds) that she asserts show that some fees were incurred in connection with Ms. Cope's challenge to the will instead of her effort to enforce the MSA. We do not recalculate the award of attorney's fees but only review the court's order for abuse of discretion. *Orfaly*, 209 Ariz. at 265, ¶ 18. Based on the record, we cannot say the court abused its discretion.

¶18 Ms. Rawls also argues the award should be reduced to account for fees incurred in seeking royalties beyond those to which the parties eventually agreed were due under the MSA. The amount of a settlement, however, does not necessarily reflect the merits of the parties' respective positions in the litigation or whether the superior court abused its discretion in its fee calculation.

## CONCLUSION

¶19 For the reasons set forth above, we do not address the issue of the nature of the assets in the Estate that may be reached to satisfy Ms. Cope's claim under the MSA; that issue is not yet ripe for our review. We affirm the award of attorney's fees to Ms. Cope. Ms. Cope is entitled to her costs on appeal. In the exercise of our discretion, we decline to award attorney's fees to either party.



AMY M. WOOD • Clerk of the Court
FILED: AA